1
2
3
4

Arthur Minas
Minas Law, P.C.
3620 Pacific Coast Highway, Ste 100,
Torrance, CA 90505
Tel  (310) 955-1360
arthur@minaslaw.com

5

UNITED STATES DISTRICT COURT

6

FOR THE CENTRAL DISTRICT OF CALIFORNIA

7

8

**BAO ZHANG, JING FENG, QIANXI FENG,**

Case No.:

9

Plaintiff,

10

-Against-

COMPLAINT

11

**UNITED STATES CITIZENSHIP AND
IMMIGRATION SERVICES**

12

13

-and-

14

15

16

**DIRECTOR OF THE UNITED STATES
CITIZENSHIP AND IMMIGRATION
SERVICES' LOS ANGELES ASYLUM
OFFICE,**

17

18

Defendants

19

COMPLAINT

20

21

DESCRIPTION OF ACTION

22

23

1.     This complaint is brought by plaintiff, BAO ZHANG (A212 968 500), JING

24

FENG (A212 968 501), QIANXI FENG, (A212 968 502), against the defendants to compel a

25

decision on her application for asylum, which has been pending with the Los Angeles Asylum

26

Office of the United States Citizenship and Immigration Services (USCIS) since March 10,

27

28

2017, despite the fact that numerous asylum applications which were filed long after this have

COMPLAINT - 1

been adjudicated.

## JURISDICTION

2.      This being a civil action against the United States arising under the Mandamus Act, 28 U.S.C. § 1361, and the Administrative Procedure Act, 5 U.S.C. § 701 et seq., all laws of the United States, original jurisdiction over this matter is vested in this Court by 28 U.S.C. § 1331.

## DESCRIPTION OF PARTIES

3.      The plaintiffs, BAO ZHANG, JING FENG, QIANXI FENG, are citizens of China, residing at 7578 Hardy Ave, Rancho Cucamonga, CA 91730. Their alien numbers are A212 968 500, A212 968 501, and A212 968 502.

4.      The defendant, the United States Citizenship and Immigration Services (the "USCIS"), is a federal agency charged with the authority to adjudicate applications for asylum. It resides in the District of Columbia and Maryland.

5.      The defendant, Director of USCIS's Los Angeles Asylum Office of the United States Citizenship and Immigration Services, where plaintiff's application for asylum is currently pending. She resides for official purposes within the central judicial district of California.

## BRIEF STATEMENT OF RELEVANT FACTS

6.      On and about February 23, 2017, BAO ZHANG, who suffered from forced

COMPLAINT - 2

abortion in China, filed upon her own behalf a Form I-589, Application for Asylum and Withholding of Removal (hereafter: "application for asylum") with the defendants.This case has been pending for Seven years  approximately.

7.    On about February 25, 2017, she received the fingerprint Notification from the USCIS and had her fingerprints on March 10, 2017.

8.    Since that time absolutely no discernable progress has been made in her application. She never received the notification for an asylum interview.

9.    Until Ms. Zhang is actually granted asylum, her husband, her daughter, and herself are all in removal proceedings in the United States. Although theoretically they can extend their work authorization, due to the prolonged processing time of the work authorization applications, there are often gaps when they have to quit her job and wait for Employment Authorization Card to get re-hired.

10.    Ms. Zhang's 9 years old daughter came to the United States with parents when she was 2 years old. She is a violin player who has participated in international competition online during the pandemic, but she has lost the opportunities to participate in award ceremonies and other worldwide competition due to the limitation of international travel.

11.    Ms. Zhang is working as an personal care assistant, and her husband worked in restaurant, their standard of life is lower than average families in Los Angeles. Therefore, whether their only child have the equal opportunity to get enrolled into the prestigious colleges in the future really matters to them. Without a legal immigration status, their only child would be deprived from the chance to apply for the prestigious colleges since they are not eligible for many scholarship and grants which are only available for legal permanent

COMPLAINT - 3

resident and US citizens.

12.     8 U.S.C. § 1158(d)(5)(A)(iii) provides that " in the absence of exceptional circumstances, final administrative adjudication of the asylum application, not including administrative appeal, shall be completed within 180 days after the date an application is filed;"

13.     The defendants have at no time informed Ms. Zhang of any exceptional circumstances delaying a decision in her case over the last 7 years.

14.     As of today, the Plaintiff's asylum application remains under the jurisdiction of the Defendants and unadjudicated.


## COUNT I

15.     Defendant the United States Citizenship and Immigration Services, and Director of the United States Citizenship and Immigration Services' Los Angeles Asylum Office, are each and all agencies or officers of the United States Department of Homeland Security.

16.     Defendants, each and all owe a duty to the Plaintiff to adjudicate her application for asylum within a reasonable time. 5 U.S.C. § 555(b) ("With due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it.").

17.     The requirement provided by  8 U.S.C. §1158(d)(5)(A)(iii) that an asylum application must be adjudicated within 180 days of the date of filing establishes that a reasonable time for adjudicating an asylum application is no more than 180 days.

18.     The time in which plaintiff's application for asylum has been pending with Defendant the United States Citizenship and Immigration Services, and Defendant Director of

COMPLAINT - 4

the United States Citizenship and Immigration Services' Los Angeles Asylum Office, is well

beyond 180 days.

19.    The time in which plaintiff's application for asylum has been pending with

Defendant,  the United States Citizenship and Immigration Services, and Defendant  Director of

the United States Citizenship and Immigration Services' Los Angeles Asylum Office, is far

beyond the period of time which these officers or agencies or their predecessors reasonably

require(d) to adjudicate his application.

20.    This Court has authority under 28 U.S.C. § 1361 to compel an officer or

employee of the United States to perform a duty owed to the Plaintiffs.

21.    This Court also has authority under 5 U.S.C. § 706(1) to compel agency action

unlawfully withheld or unreasonably delayed.

## RELIEF REQUESTED

WHEREFORE it is respectfully requested that the defendants to adjudicate the

plaintiffs' application for asylum in no more than 30 days from the date of this Court's Order,

and to take such other action as it deems appropriate.

Dated this 26th day of March, 2024

*/s/ Arthur Minas*
Arthur Minas
Minas Law, P.C.
3620 Pacific Coast Highway, Ste 100,
Torrance, CA 90505
Tel  (310) 955-1360
arthur@minaslaw.com

COMPLAINT - 5